E-FILED
Thursday, 22 January, 2009  12:25:03 PM
Clerk, U.S. District Court, ILCD

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| THORNTONS, INC., | ) |
| | ) |
| Plaintiff and | ) |
| Counterclaim Defendant, | ) |
| | ) |
| v. | )   No.  08-3086 |
| | ) |
| CHICAGO TITLE INSURANCE CO., | ) |
| | ) |
| Defendant, Third Party | ) |
| and Counterclaim Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BLP LINCOLN PROPERTIES, LLC | ) |
| C. EUGENE BURWELL, | ) |
| BURWELL MANAGEMENT CO., | ) |
| THOMAS ASHLEY, and | ) |
| ASHLEY INVESTMENTS, INC., | ) |
| | ) |
| Third Party Defendants. | ) |

### OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on the Third Party Defendants' Motion
to Dismiss and Motion for a More Definite Statement (d/e 68) filed by
Third Party Defendants BLP Lincoln Properties, LLC, C. Eugene Burwell,
and  Burwell  Management  Company  (collectively,  the  Burwell  Third

Parties), and Third-Party Defendants' Thomas Ashley and Ashley Investments, Inc. Rule 12(b)(1) and (6)  Motion to Dismiss (d/e 71).  For the reasons stated below, the Burwell Third Parties' Motion is allowed in part and denied in part, and the Motion filed by Thomas Ashley and Ashley Investments (collectively, the Ashley Third Parties) is denied.

FACTS

According to the Complaint (d/e 1), on March 26, 2002, Plaintiff Thorntons, Inc. entered into an Amended and Restated Lease Agreement (the Thorntons Lease) with Third Party Defendant Burwell Management Co. for two contiguous tracts of land in Lincoln, Illinois (Tracts 1 and 2). Burwell Management Co. was acting on behalf of Third Party Defendant BLP Lincoln Properties (BLP).

Thorntons uses Tract 1 for a store.  Tract 2 is a vacant lot that lies between Thorntons' store on Tract 1 and a Wendy's restaurant; currently it is used as a parking lot.[1]  The Thorntons Lease provided Thorntons the option to purchase Tracts 1 and 2 during the first 13 years of the lease term. On April 5, 2002, Thorntons obtained a title insurance policy for Tracts 1

---

[1]The Complaint in this case describes the land at issue as Tract 2, but the Third Party Complaint describes it as Lot No. 5.  For consistency, the Court will refer to this piece of land as Tract 2.

and 2 from Defendant Chicago Title Insurance Co. (Chicago Title).

In January of 2006, Thorntons exercised its right to purchase Tracts 1 and 2. On January 16, 2006, Burwell Management Co. informed Thorntons for the first time that the Wendy's next to Tract 2 had previously entered into a lease agreement (the Wendy's Lease) allowing it to use Tract 2 as a parking lot. The parties to the Wendy's Lease were Third Party Defendant C. Eugene Burwell, the former owner of Tract 2, and Third Party Defendant Thomas Ashley, the former owner of the Wendy's franchise. (Third Party Defendant Ashley Investments, Inc. now owns the franchise.) The Wendy's Lease predated the Thorntons Lease; it was recorded in the Logan County Recorder's Office in September of 1996. The Wendy's Lease provided for a lease term of 30 years and two 5-year options to renew. Chicago Title never disclosed the Wendy's Lease as a preexisting encumbrance on Tract 2.

Thorntons subsequently filed a claim with Chicago Title under the title insurance policy, and when Chicago Title failed to resolve the claim, Thorntons filed this suit in Kentucky state court. Chicago Title removed to federal court, and the case was transferred to the Central District of Illinois. Thorntons' Complaint raises four counts against Chicago Title. In

Count I, it alleges that by failing to satisfy the claim or pay Thorntons for its loss as a result of the unmarketability of the title to Tract 2, Chicago Title committed a breach of contract.  In Count II, Thorntons alleges that by failing to satisfy the claim or pay Thorntons for its loss as a result of the unmarketability of the title to Tract 2, Chicago Title breached its duty of good faith and fair dealing.  In Count III, Thorntons alleges that by failing to resolve its claim within 30 days, Chicago Title violated Kentucky's unfair claims settlement practices statute.  In Count IV, Thorntons alleges that Chicago Title's failure to discover the Wendy's Lease in its search of the public records constituted negligence.

On April 21, 2008, Chicago Title filed a Third Party Complaint (d/e 47) against the Burwell Third Parties and the Ashley Third Parties; it also termed its Third Party Complaint a Counterclaim against Thorntons.  In Count I of the Third Party Complaint, Chicago Title alleges that a dispute exists between Thomas Ashley and "the other parties" regarding whether and to what extent he has a lease involving Tract 2.  Chicago Title Insurance Company's Third Party Complaint and Counterclaim (d/e 47), ¶ 29. Chicago Title asks for a declaration of the rights to occupy Tract 2. According to Chicago Title, if Thomas Ashley has no lease involving the

property, or if the lease is void, invalid, or abandoned, Thorntons has no viable claim against Chicago Title.  In Count II of the Third Party Complaint, Chicago Title alleges that BLP and Burwell Management Co. misrepresented the nature and extent of Thorntons' rights under the Thorntons Lease and option to purchase.  It also alleges that the Wendy's Lease breached the covenant of quiet enjoyment set forth in the Thorntons Lease.  Chicago Title claims that these alleged misrepresentations and this alleged breach make BLP and Burwell Management Co. liable to Chicago Title for any damages it owes to Thorntons.  Count II also requests a declaration of the rights of the parties and the public to Tract 2.

The Ashley Third Parties and the Burwell Third Parties have both moved to dismiss the Third Party Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  The Burwell Third Parties also argue that, in the alternative, the Court should order Chicago Title to provide a more definite statement under Federal Rule of Civil Procedure 12(e).

<u>ANALYSIS</u>

In their briefs, the parties raise numerous arguments for dismissal.  As discussed below, the Court finds that Chicago Title has standing to bring its claims for a declaration of rights.  Chicago Title lacks standing, however, on

5

its claims against BLP and Burwell Management Co. on the Count II claim for damages. Additionally, the claims against C. Eugene Burwell are not redundant, and Chicago Title's Third Party Complaint adequately pleads a claim on which relief can be granted.

I.     <u>STANDING</u>

The Third Party Defendants all assert that Chicago Title lacks standing to bring its Third Party Complaint. Under Federal Rule of Civil Procedure 12(b)(1), a party may challenge subject matter jurisdiction, including standing. <u>RWB Svs, LLC v. Hartford Computer Group, Inc.</u>, 539 F.3d 681, 686 (7th Cir. 2008). The Court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the party who filed the complaint. <u>Ezekiel v. Michel</u>, 66 F.3d 894, 897 (7th Cir. 1995). The Court may consider evidence outside the complaint in deciding a 12(b)(1) issue. <u>Capitol Leasing Co. v. FDIC</u>, 999 F.2d 188, 191 (7th Cir. 1993). Where a party questions the jurisdictional allegations, the party who filed the complaint must prove that the jurisdictional requirements have been met. <u>Kontos v. United States Dept. of Labor</u>, 826 F.2d 573, 576 (7th Cir. 1987).

Determining whether Chicago Title has standing to bring its claims

here requires two distinct analyses.  First, in Counts I and II, Chicago Title requests a declaration of the rights of the parties and the public to Tract 2. Second, in Count II, Chicago Title also alleges that any damages Thorntons suffered result from alleged lease breaches and misrepresentations by Burwell Management and BLP.  Chicago Title argues that in the event Thorntons is awarded damages in the original suit, Chicago Title is entitled to recover those damages from Burwell Management and BLP.  The Court finds that Chicago Title does have standing to bring its claims for a declaration of rights, but it lacks standing on its damages claim.

A.     DECLARATION OF RIGHTS

Regarding the claim for a declaration of rights, the Court first finds that Illinois law applies.  Chicago Title's Count I and Count II claims for a declaration of the rights to Tract 2 essentially constitute an action to quiet title.  In determining whether a party has standing to maintain a quiet title action, federal courts look to the law of the state where the land exists.  See Stoltz, Wagner & Brown v. Duncan, 417 F.Supp. 552, 555 (W.D. Okla. 1976) (citing Dudley v. Meyers, 422 F.2d 1389 (3d Cir. 1970), and Midwestern Developments, Inc. v. City of Tulsa, Oklahoma, 374 F.2d 683 (10th Cir. 1967)); see also Mayhew v. Callard, 312 F.2d 295, 297 (7th Cir.

1963) (applying, without analysis, the law of the state in which the land was located).  Here, the land at issue is located in Illinois.

Moreover, the parties are in this Court through diversity jurisdiction, and in diversity cases, federal courts apply the choice-of-law rules of the forum state.[2]  Klaxon Co. v. Stentor Elec. Manuf. Co., 313 U.S. 487, 496-97 (1941).  In Illinois, courts faced with contract issues -- such as lease disputes -- apply the law of the state with the most significant contacts.  Hinc v. Lime-O-Sol, Co., 382 F.3d 716, 719 (7th Cir. 2004).  Counts I and II of the Third Party Complaint ask the Court to declare the rights of the parties to Tract 2, which is covered by both the Thorntons Lease and the Wendy's Lease.  The property in both leases is located in Illinois, and performance of all terms of the leases was to occur in Illinois.  Additionally, while neither party provided information regarding the execution of the Thorntons Lease, the Wendy's Lease was executed in Illinois.  Thus, Illinois is the state of most significant contacts.

In Illinois, only a party claiming legal title to property has standing to

---

[2]The amount in controversy exceeds $75,000.00.  Thorntons is a Delaware corporation with its principal place of business in Kentucky.  Chicago Title is a Missouri company with its principal place of business in Florida.  The Third Party Defendants are all from Illinois.  This Court has supplemental jurisdiction over the third party claims under 28 U.S.C. § 1367(a).

bring a quiet title action.  <u>North Community Bank v. Aetna Bank</u>, 558 N.E.2d 112, 114 (Ill.App. 1st Dist. 1990); <u>LaSalle Nat'l Bank v. Kissane</u>, 516 N.E.2d 790, 793 (Ill.App. 1st Dist. 1987); <u>Aebischer v. Zobrist</u>, 371 N.E.2d 1003, 1005 (Ill.App. 5th Dist. 1977).  Chicago Title does not claim title to Tract 2, so under normal circumstances, it would lack standing to bring this claim.

Here, however, Chicago Title specified in the Third Party Complaint that it was bringing this action "in part, on behalf of Thorntons."  <u>Third Party Complaint</u> ¶ 1.  In the title insurance contract between Chicago Title and Thorntons, the parties agreed that Chicago Title had the right "to institute and prosecute any action or proceeding or to do any other act which in its opinion may be necessary or desirable to establish the title to the estate or interest, as insured, or to prevent or reduce loss or damage to the insured."  <u>Notice of Removal (d/e 1)</u>, Exhibit 1, <u>Title Insurance Contract</u>, at Conditions and Stipulations ¶ 4(b).  Thus, Chicago Title contracted for the right to bring a quiet title action on Thorntons' behalf. The Court is aware of no authority prohibiting such a contractual agreement.  Pursuant to Chicago Title's contractual right to bring a quiet title action on Thorntons' behalf, the Court finds that Chicago Title has

standing here -- as Thorntons – to bring its Count I and Count II claims to declare the parties' rights to Tract 2.

B.    DAMAGES

The same is not true of Chicago Title's Count II claim for damages against Burwell Management and BLP, however.  Under Rule 14(a)(1) of the Federal Rules of Civil Procedure, a defendant may file a third party complaint against "a nonparty who is or may be liable to it for all or part of the claim against it."  Rule 14(a) does not permit the joinder of a third party defendant on the theory that the third party defendant is directly liable to the original plaintiff, either jointly with the original defendant or instead of the original defendant.  Riverway Co. v. Trumbull River Svs., Inc., 674 F.2d 1146, 1154 (7th Cir. 1982) (contrasting Rule 14(a) with Rule 14(c), applicable in admiralty actions); Hess Oil Virgin Islands Corp. v. Barber-Greene Co., 1990 WL 208905, at *6 (N.D. Ill. Nov. 27, 1990) ("[A] third party claim [under Rule 14(a)] is not appropriate where the defendant and putative third party plaintiff says, in effect, 'It was him, not me.'").

The damages claim asserts that if Thorntons is awarded damages in the original suit, Chicago Title is entitled to recover these damages from Burwell Management and BLP, but Chicago Title's reasoning is that any

10

damages Thorntons suffered result from alleged lease breaches and misrepresentations Burwell Management and BLP made to Thorntons. What it really has claimed is that Burwell Management and BLP are directly liable to Thorntons. Rule 14(a) does not permit a third party claim on this theory.

Moreover, the parties cannot contract for a jurisdictional privilege prohibited under the Federal Rules.[3]  See Abbott Laboratories v. CVS Pharmacy, Inc., 290 F.3d 854, 857 n.1 (7th Cir. 2002) ("Yet neither the parties by contract, nor a district judge by approving such a contract, may expand or contract any court's jurisdiction.").  Because Rule 14(a) does not allow for third party claims alleging that the third party defendant is directly liable to the original plaintiff, Chicago Title's contractual right to file "any action or proceeding" on Thornton's behalf is inapplicable in this instance. Notice of Removal, Exhibit 1, Title Insurance Contract, at Conditions and Stipulations ¶ 4(b).  Thus, Chicago Title lacks standing to bring its damages claim against Burwell Management and BLP.  Because Chicago Title lacks

---

[3]Indeed, the tile insurance contract itself provides that "[i]n the event any provision of the policy is held invalid or unenforceable under applicable law, the policy shall be deemed not to include that provision."  Notice of Removal, Exhibit 1, Title Insurance Contract, at Conditions and Stipulations ¶ 16.

standing, the Court need not address the Burwell Third Parties' other arguments for dismissal of this claim.  The damages claim alleged in Count II is dismissed.

II.  REDUNDANT CLAIMS

The Burwell Third Parties also argue that if Chicago Title has standing to bring its claim for a declaration of rights, C. Eugene Burwell should be dismissed as a Defendant because the claim against him is redundant of those against Burwell Management and BLP.  In support, the Burwell Third Parties cite to <u>Robinson v. Sappington</u>, 351 F.3d 317, 340 (7th Cir. 2003). In <u>Sappington</u>, the Seventh Circuit held that employment discrimination claims against various governmental actors in their official capacities were redundant because they all sought to impose liability on the State of Illinois. <u>Id.</u>  The Burwell Third Parties have not established that to be the case here. Thus, C. Eugene Burwell must remain a party.

III.  RULE 12(B)(6) ARGUMENTS

Finally, the Ashley Third Parties also assert that the claims against them must be dismissed under Federal Rule of Civil Procedure 12(b)(6). Under this rule, dismissal is proper where a complaint fails to state a claim on which relief can be granted.  When a complaint's allegations do not

"plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level,'" the Court must dismiss.  <u>EEOC v. Concentra Health Svs., Inc.</u>, 496 F.3d 773, 777 (7th Cir. 2007) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964 (2007)).   For purposes of a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in a complaint and draw all inferences in favor of the non-moving party.  <u>Hager v. City of West Peoria</u>, 84 F.3d 865, 868-69 (7th Cir. 1996); <u>Covington Court Ltd. v. Village of Oak Brook</u>, 77 F.3d 177, 178 (7th Cir. 1996).  Here, for the purpose of ruling on the Ashley Third Parties' 12(b)(6) Motion, the Court accepts as true the allegations in the Third Party Complaint.

According to the Ashley Third Parties, Chicago Title's claims, even if true, do not entitle it to relief.  In Illinois, an action to quiet title is an equitable proceeding in which a party seeks to remove a cloud on his title to the property.  <u>Stahelin v. Forest Preserve Dist. of DuPage County</u>, 877 N.E.2d 1121, 1135 (Ill.App.2d Dist. 2007).  To constitute a cloud, there must be a semblance of title that is unfounded and casts doubt on the validity of the record title.  <u>Id.</u>  The Ashley Third Parties' 12(b)(6) arguments amount to a contention that Chicago Title has not adequately

pleaded that the Wendy's Lease constitutes a cloud on Thorntons' title. They advance two specific arguments.

First, they assert that Chicago Title's Third Party Complaint alleges that the Wendy's Lease became void when Thomas Ashley assigned it to Ashley Investments, Inc.  They contend that even if Thomas Ashley assigned the Wendy's Lease, his actions alone could not void the lease. Under the terms of the Wendy's Lease, the Ashley Third Parties argue, his actions made the lease voidable, but not void.  To make the lease void, they contend C. Eugene Burwell was required to provide Thomas Ashley notice that his assignment constituted a default, to exercise his option to terminate the lease, and to provide Thomas Ashley written notice of this election. According to the Ashley Third Parties, because Chicago Title's Third Party Complaint lacks these additional allegations, it fails to state a claim on which relief can be granted.

Second, the Ashley Third Parties state that the Third Party Complaint alternatively alleges that if Thomas Ashley never assigned the Wendy's Lease, he abandoned it.  They point out, however, that the Third Party Complaint makes no allegations regarding whether C. Eugene Burwell abandoned this lease.  Without an allegation that both parties to the lease

abandoned it, the Ashley Third Parties argue the Third Party Complaint fails to state a claim on which relief can be granted.

The Court finds that the Third Party Complaint adequately pleads a claim to quiet title.  Under the federal notice-pleading requirements, only "bare bones" allegations are required.  <u>Arreola v. Godinez</u>, 546 F.3d 788, 796 (7th Cir. 2008).  Even after the Supreme Court's decision in <u>Bell Atlantic Corp. v. Twombly</u>, a complaint in federal court need contain just enough detail to present a claim that is plausible on its face -- thus giving the defendant fair notice of what the claim is and the grounds upon which it rests.  <u>Moore v. FBI</u>, 283 Fed.Appx. 397, 399 (7th Cir. 2008).  Here, Chicago Title alleges no facts that doom its claims; it has not pleaded itself out of court.  The Ashley Third Parties argue only that Chicago Title should have pleaded additional facts to allege a cloud on Thorntons' title.  Yet, it is apparent that the Ashley Third Parties understand Chicago Title's claim that the possible existence of the Wendy's Lease presents a cloud on Thorntons' title and that Chicago Title alleges the Wendy's Lease is in fact void or has been abandoned.  Chicago Title has satisfied the notice pleading requirements.  Thus, the Ashley Third Parties' 12(b)(6) Motion is denied.

THEREFORE, Third Party Defendants' Thomas Ashley and Ashley

Investments, Inc., Rule 12(b)(1) and (6) Motion to Dismiss (d/e 71) is DENIED.  The Third Party Defendants' Motion to Dismiss and Motion for a More Definite Statement (d/e 68), filed by Third Party Defendants BLP Lincoln Properties, LLC, C. Eugene Burwell, and Burwell Management Company, is ALLOWED in part and DENIED in part.  It is allowed to the extent that the Count II claim for damages is dismissed.  It is denied to the extent that the Motion for a More Definite Statement regarding the Count II claim for damages is denied as moot and the Count II claim for a declaration of rights to Tract 2 is not dismissed.  Third Party Defendants are directed to answer Count I of the Third Party Complaint on or before February 18, 2009.

IT IS THEREFORE SO ORDERED.

ENTER:   January 22, 2009

        FOR THE COURT:

                          s/  Jeanne E. Scott
                      JEANNE E. SCOTT
               UNITED STATES DISTRICT JUDGE